IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3053-F

| | |
|---|---|
| AMERICAN HUMANIST ASSOCIATION )<br>and KWAME JAMAL TEAGUE, )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>FRANK L. PERRY, *et al.*, )<br> )<br>Defendants. ) | ORDER |

This matter is before the court upon Plaintiffs' motion to compel discovery [DE-37] and the parties' joint motion for an extension of time to complete discovery [DE-58]. For the following reasons these motions are ALLOWED.

## I. Background

Plaintiffs, Kwame Teague ("Teague"), a state inmate represented by counsel, and the American Humanist Association ("AHA"), filed a complaint pursuant to 42 U.S.C. § 1983 on February 25, 2015. In their complaint, Plaintiffs allege that Defendants: (1) refuse to allow Teague to form a Humanist[1] study group to meet on the same terms that Defendants authorize inmates of theistic religious traditions to meet; and (2) refuse to allow inmates to identify as Humanists for

---

[1] The court notes that the Supreme Court has held that Secular Humanism is a religion. Torcaso v. Watkins, 367 U.S. 488, 495 n.11 (1961); Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 411 (4th Cir. 2005) ("The Supreme Court has long recognized that some religions practiced in this country 'do not teach what would generally be considered a belief in the existence of God.'" (quoting Torcaso)).

assignment purposes. Compl. [DE-1], p. 1. Plaintiffs contend these policies violate the Establishment Clause of the First Amendment of the United States Constitution as well as the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Id. Plaintiff's claims have survived frivolity review [DE-9].

Plaintiffs filed the instant motion to compel on April 12, 2016, arguing that Defendants' discovery responses are incomplete, unwarranted, and evasive [DE-37]. Defendants have responded to this motion [DE-38], and the matter is now ripe for adjudication.

## II. Discussion

Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The rules of discovery, including Rule 26, are to be given broad and liberal construction. Loftin v. Nationwide Mut. Ins. Co., No. 7:09-CV-118-F, 2010 WL 4117404, at *2 (E.D.N.C. Oct. 18, 2010). "District courts enjoy nearly unfettered discretion to control the timing and scope of discovery." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 426 (4th Cir. 1996); accord Cook v. Howard, 484 Fed. Appx. 805, 812 (4th Cir. 2012) (observing that "[d]istrict courts are afforded broad discretion with respect to discovery"). Litigants may enforce their discovery rights by filing a motion to compel. See Fed. R. Civ. P. 37(a); see Santiago v. S. Health Partners, No. 1:15CV589,

2

2016 WL 4435229, at *2 (M.D.N.C. Aug. 19, 2016). In considering a motion to compel, "[t]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." Capital One Bank (USA) N.A. v. Hess Kennedy Chartered, LLC, No. 3:08CV147, 2008 WL 4467160, at *2 (E.D. Va. Sept. 30, 2008). Furthermore, when a party objects to discovery, the objection must be stated with specificity. See Arrow Enter. Computing Sols., Inc. v. BlueAlly, LLC, No. 5:15-CV-00037-FL, 2016 WL 4287929, at *2 (E.D.N.C. Aug. 15, 2016). "[T]he use of boilerplate objections stating that . . . [a discovery request] is overbroad, unduly burdensome, irrelevant, or the like does not satisfy the specificity requirement." Id. (citations omitted). Instead, an objection must include particularized facts justifying the objection. Id. (citations omitted).

Here, the court has reviewed Plaintiff's discovery requests, and, they can be generally described as seeking information and documents relating to: (1) the treatment of Humanist and atheist inmates generally, including accommodations available to such inmates in comparison to other inmates; (2) relative and comparative treatment of other religions and faith traditions; (3) the policies of the North Carolina Department of Public Safety ("DPS") relating to religious accommodations; (4) Teague's requests for Humanist accommodations; (5) other applications for religious accommodations and how they were handled by DPS; and (6) communications by DPS and their agents relating to Humanism and atheism.

The court has reviewed the discovery requests and finds that the requested materials are relevant to this § 1983 action. Likewise, they are not overly broad or burdensome in scope. For example, Plaintiff requests are limited in the time period they address, with most requests seeking information from the last five years. Def. Mem. [DE-37-1], p. 6. Moreover, Plaintiffs have

3

substantially narrowed their requests, twice, in response to Defendants' objections. Id.; Pl. Ex. 10, 12, 14 [DE-37-12, -37-14, -37-16].

Conversely, Defendants have not demonstrated that Plaintiffs' discovery requests are irrelevant or overly burdensome. First, Defendants object to several requests on the grounds that they are irrelevant or overly broad because they "[p]ertain[ ] to other faith groups, ideologies, and religions." See, e.g., Pl. Ex. 6 [DE-37-8], p. 7. In their response, Defendants frame the issue as follows: "[Plaintiffs'] claims . . . involve one inmate, one request for accommodations, and one alleged religious belief (Humanism/Atheism)." Def. Mem. [DE-38], p. 2. The court disagrees. These requests are relevant because the crux of Plaintiff's claim is that "other faith groups, ideologies, and religions" receive preferential treatment comparative to Humanism. Analysis of Plaintiffs' claims will invariably require a comparison between Defendants' treatment of Humanism and other religions. Defendants also object to Plaintiffs' discovery requests on the ground that the information seeks "information pertaining to other inmates." See, e.g. Pl. Ex. 4 [DE-37-4], p. 8. Again, this is not a valid objection, because Plaintiffs' claim is premised upon the allegation that Humanist inmates are being treated differently from other inmates. Clearly, then, some information regarding the treatment of non-Humanist inmates is relevant to Plaintiffs' claim. Put another way, the court agrees with Plaintiff that "[e]vidence related to Defendants' treatment of other religions is directly relevant to both the Establishment Clause claim and the Equal Protection Clause claim, for each necessitates a comparative analysis between the government's treatment of one group and its treatment of the other." Pl. Mem. [DE-37-1], p. 3.

4

To the extent Defendants invoke state confidentiality laws[2] to justify their objections, the court notes that federal courts are not required to recognize state law privileges when deciding cases arising under federal law, as here. See Fed. R. Evid. 501; Spell v. McDaniel, 591 F. Supp. 1090, 1119 (E.D.N.C. 1984) ("[T]he court notes that the North Carolina law of privileges is not decisive because the present action arises under federal law. In a non-diversity case, federal privilege law applies" (citations omitted)). Defendants may redact their responses, as appropriate, or seek the entry of an appropriate protective order, but they nonetheless must substantively respond to these discovery requests. See Utt v. Brown, No. 5:12-CT-3132-FL, 2015 WL 470468, at *3 (E.D.N.C. Feb. 4, 2015) (ordering DPS to produce inter alia, "any and all documents related to prison chaplaincy services staff training and education" and "any and all documents related to consultation with individuals outside . . . [DPS] regarding the Wiccan faith, specifying why such consultation occurred"); see also, Bumgarner v. North Carolina Department of Corrections, No. 5:10-CT-3166-BO (E.D.N.C. September 22, 2011) (adopting proposed consent protective order governing the disclosure of potentially confidential information).

Likewise, numerous discovery requests are objected to in entirely boilerplate fashion, based on the assertion that the requests are overly broad, vague, and/or burdensome with little further explanation or justification. Id. at 4. For example, Defendants object to numerous discovery requests with some permutation of the following language "Defendants object . . . on the grounds . . . [the request] is overly broad, burdensome in scope, and seeks to discover information which is not

---

[2] Defendants rely primarily on N.C. Gen. Stat. §§ 148-74, 148-76, 143-300.2, and 126-23. See, e.g., Pl. Ex. 4, [DE-37-6], p. 4; Pl. Ex. 11 [DE-37-13], pp. 4-5. "Merely asserting that a state statute declares that the records in question are confidential does not make out a sufficient claim that the records are privileged within the meaning of Fed.R.Civ.P. 26(b)(1) and Fed R. Evid. 501." Martin v. Lamb, 122 F.R.D. 143, 146 (W.D.N.Y.1988).

5

relevant to this action or likely to lead to the discovery of relevant or admissible information." See, e.g., Pl. Ex. 4 [DE-37-6], p. 6. This boilerplate objection is rarely supplemented with additional description. See, e.g., id. These objections are insufficient. "[O]bjections must be stated with specificity, and any objection not raised is waived." Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 240 (E.D.N.C. 2010) (citing Fed. R. Civ. P. 33(b)(4)). "'Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive, and irrelevant' does not suffice as a specific objection." Id. Such boilerplate objections are subject to waiver. Id.

In addition, Defendants object to several of Plaintiffs' discovery requests on the grounds that they request material protected by attorney-client privilege and/or work-product doctrine. See, e.g. Pl. Ex. 5 [DE-37-7], pp. 4, 14. However, these objections were not accompanied by a privilege log. "A party can sustain this burden through a properly prepared privilege log that identifies each document withheld, and contains information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter." Sky Angel U.S., LLC v. Discovery Communications, LLC, 28 F.Supp.3d 465, 483 (D. Md. 2014). A privilege log must contain "specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed. A privilege log meets this standard, even if not detailed, if it identified the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted." Clark v. Unum Life Insurance Co. of America, 799 F.Supp.2d 527, 536 (D. Md. 2011) (quoting N.L.R.B. v. Interbake Foods, LLC, 637 F.3d 492, 502 (4th Cir. 2011) (footnote omitted)). A conclusory assertion, however, that a document is privileged is

6

inadequate to satisfy the requirements of Rule 26(b)(5)(A). See United Stationers Supply Co. v. King, 2013 WL 419346, * 2 (E.D.N.C. Feb. 1, 2013); Victor Stanely, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251, 264 (D. Md. 2008) ("[W]hen a party refuses to produce documents during discovery on the basis that they are privileged or protected, it has a duty to particularize that claim."); Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B, 230 F.R.D. 398 (D. Md. 2005) ("[T]he burden of the party withholding documents cannot be 'discharged by merely conclusory or ipse dixit assertions.'").

For these reasons, Plaintiffs' motion to compel discovery [DE-37] is ALLOWED. Specifically, Defendants are ORDERED to supplement their responses to Plaintiffs': (1) first set of Interrogatories numbers 5-6, 8-11, 14-15, 17-19, 21, 24, 32, 36, and 38-39; (2) Requests for Production of Documents numbers 3-20, 24-30, 32-35, 37, 42-43, and 46; and (3) Requests for Admissions numbers 17-19. To the extent Defendants have responded to Plaintiffs' discovery requests with illegible or unnecessarily redacted documents, they are directed to correct those deficiencies. Defendants are free to seek the entry of an appropriate protective order with regard to the disclosure of confidential information, although the court reiterates that federal courts are not required to recognize state law privileges when deciding cases arising under federal law. See Fed. R. Evid. 501; Spell, 591 F. Supp. at 1119. Finally, to the extent Defendants object on the grounds of privilege and/or work-product doctrine, they are instructed to provide Plaintiffs with a privilege log that fully complies with Rule 26(b)(5) of the Federal Rules of Civil Procedure. Buskirk v. Wiles, No. CV 3:15-03503, 2016 WL 7118288, at *4 (S.D.W. Va. Dec. 6, 2016) (granting motion to compel to the extent it sought a privilege log).

Finally, Plaintiffs seek an award of the fees and costs required to bring this motion. Rule

7

37(a)(5)(A) of the Federal Rules of Civil Procedure provides that the moving party be awarded expenses when a motion to compel discovery is granted. F.R.Civ.P. 37(a)(5)(A); Loftin, 2010 WL 4117404, at *3. However, the court may decline to order payment where, *inter alia*, "circumstances make an award of expenses unjust." F.R.Civ.P. 37(a)(5)(A). Here, although the court is ordering Defendants to supplement their responses, Defendants did not withhold discovery in bad faith. Nor were they wholly unresponsive to Plaintiffs' discovery requests. Despite the above noted deficiencies, Defendants have nonetheless provided Plaintiffs with numerous documents and responded to Plaintiffs' discovery requests to the extent they believed they were required to do so. Therefore, at this time, the court declines to award Plaintiff expenses because, under these circumstances, it would be unjust to do so. However, Rule 37 of the Federal Rules of Civil Procedure provides a district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders. Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). If Defendants' supplemented discovery responses continue to be insufficient, Defendants are notified that the court may impose sanctions, which could include, *inter alia*, the entry of default judgment against Defendants. See F.R.Civ.P. 37(b)(2)(A).

Likewise, the court notes that the resolution of discovery disputes without court involvement should be the rule, not the exception. See Anderson v. Reliance Standard Life Ins. Co., No. WQD-11-1188, 2011 WL 4828891, *1 (D. Md. Oct. 11, 2011) ("Litigants have an obligation to cooperate with respect to planning and executing discovery or resolving discovery disputes.") (citing Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 357–58 (D. Md. 2008)); Network Computing Servs. Corp. v. Cisco Sys., Inc., 223 F.R.D. 392, 395 (D.S.C. 2004) (noting that hardball discovery conduct "is costly to our system and consumes an inordinate amount of judicial

8

resources"); Frontier-KemperConstructors, Inc., v. Elk Run Coal Co., 246 F.R.D. 522, 530 (S.D.W. Va. 2007) ("[T]his court encounters discovery disputes involving boilerplate and other inappropriate objections far too frequently."). The parties are strongly encouraged to confer again before the supplementation of Defendants' discovery responses in an attempt to resolve their ongoing discovery disputes. The parties are hereby notified, in accordance with Rule 37(a)(5) of the Federal Rules of Civil Procedure, any future order resolving a discovery dispute in this case will likely impose reasonable expenses, including attorneys fees, upon the losing party. See Biovail Corp. v. Mylan Labs., Inc., 217 F.R.D. 380, 382 (N.D.W. Va. 2003) ("The great operative principle of [Rule 37] is that the loser pays.") (quoting Rickels v. City of South Bend, 33 F.3d 785, 786 (7th Cir. 1994)).

In light of this ruling, the parties' joint motion to amend the scheduling order [DE-58] is ALLOWED, and the scheduling order in this matter is amended as follows: (1) All discovery will be completed by April 28, 2017; (2) all potentially dispositive motions will be filed on or before May 31, 2017, and (3) the trial of this matter will be scheduled before the undersigned sometime after January 1, 2018. Any further extensions of these deadlines will be disfavored.

### III. Conclusion

For the aforementioned reasons, Plaintiffs' motion to compel discovery [DE-37] and the parties' joint motion for an extension of time to complete discovery [DE-58] are ALLOWED. Defendants are ORDERED to supplement their discovery requests in accordance with the foregoing directives, and the scheduling order in this matter is amended as outlined above. The court declines to award Plaintiffs fees and costs.

9

SO ORDERED. This the 17 day of March, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

10